1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   KEVIN LEUBE, an individual,                    CASE NO. 12cv0696-LAB (WVG)

12                              Plaintiff,          **ORDER GRANTING IN PART**
                                                    **MOTION TO DISMISS**
         vs.
13   UMR, et al.,

14                              Defendant.

15

16          On May 9, 2012, Plaintiff Kevin Luebe, proceeding *pro se*, filed his first amended

17   complaint (FAC).[1] The FAC alleges that Defendant UMR, Inc. told him a particular procedure

18   would be covered, up to 50% of reasonable and customary fees. The clinic, Ambulatory Care

19   Surgery Center ("ACSC") confirmed this, and was also told that payment would be subject

20   to a $2,000 deductible charge and a $4,500 stop loss.  Luebe had the procedure and was

21   billed $22,128.94, but UMR paid only $6,313.66, leaving him liable to ACSC for the

22   remainder.

23          The FAC alleges UMR is the claims administrator under an employer-sponsored

24   health benefit plan, which is subject to ERISA. The FAC seeks relief under ERISA,

25
     ─────────────────────────
26          [1] This is one of three related and very similar actions involving patients of the same
     clinic. The other two are *Chao v. United Healthcare Insurance Company*, 12cv694-LAB
27   (WVG) and *Finn v. United Healthcare Insurance Company*, 12cv296-LAB (WVG). All three
     cases involve extremely similar FACs (including even the same pleading errors and
28   typographical pecularities), as well as similar motions to dismiss. The Court's orders on the
     three motions to dismiss are necessarily extremely similar.

1 § 502(a)(1)(b) (29 U.S.C. § 1132(a)(1)(b)), and also under state-law theories of negligent

2 misrepresentation and promissory estoppel.

3      UMR moved to dismiss the FAC, arguing it is not a proper Defendant, Luebe failed

4 to allege what plan provisions entitled his to greater coverage than he received, and also that

5 his state-law claims are preempted by ERISA.

6 **Standard for Motion to Dismiss**

7      A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v.*

8 *Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a motion to dismiss, the Court accepts

9 all allegations of material fact in the complaint as true and construes them in the light most

10 favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of*

11 *Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

12      To avoid dismissal, the complaint must "give the defendant fair notice of what the .

13 . . claim is and the grounds upon which it rests" and its factual allegations must "raise the

14 right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

15 (2007).  The complaint must contain enough factual allegations that, if accepted as true,

16 would state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

17 678 (2009).

18 **Discussion**

19      Luebe in his opposition to the motions to dismiss again cites the old standard set forth

20 in *Conley v. Gibson*, 355 U.S. 41 (1957), under which a Rule 12(b)(6) dismissal was

21 appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts

22 in support of his claim which would entitle him to relief." But the Supreme Court expressly

23 repudiated that standard in *Twombly*.

24      **Whether UMR Is a Proper Party**

25      The FAC makes the nonsensical allegation that the health benefit plan itself "was and

26 is an ERISA fiduciary or plan administrator. . . " (FAC, ¶ 4.) It is difficult to know what to

27 make of this because a benefit plan is incapable of administering itself or serving as fiduciary

28 of itself.  *See* 29 U.S.C. § 1002(21)(A) (identifying which persons are fiduciaries). It also

1  identifies UMR as the "claims administrator" (FAC, ¶ 3) without alleging whether UMR is a

2  fiduciary. *Compare Frost v. Metropolitan Life Ins. Co.*, 320 Fed. Appx. 589, 590–91 (9th Cir.

3  2009) *with Kyle Rys., Inc. v. Pac. Admin. Servs., Inc.*, 990 F.2d 513, 516 (9th Cir.1993)

4  (explaining that plan administrators are not fiduciaries when they merely perform ministerial

5  duties or process claims).

6         In order to raise any ERISA claims, Luebe must allege facts showing at least that

7  UMR was a fiduciary. *See Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th

8  Cir. 2011) (en banc) (where plan administrator had no authority to resolve benefit claims or

9  authority to pay them, insurer who did have such authority was proper defendant in action

10 for benefits). He has not done this. The proposed second amended complaint shows he

11 intends to add the plan's alleged administrator or fiduciary, The Flexaust Company, as a

12 Defendant, but it alleges no facts showing that UMR was a fiduciary.

13     **ERISA Preemption**

14        To the extent Luebe's claims for negligent misrepresentation and for promissory

15 estoppel are based on UMR's failure to pay benefits provided for under the plan, they are

16 preempted by ERISA. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir.

17 2000) (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir.1985)) ("We have

18 held that 'ERISA preempts common law theories of breach of contract implied in fact,

19 promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract.'");

20 *Bernstein v. Health Net Life Ins. Co.*, 2012 WL 5989348, slip op. at *5 (S.D.Cal., Nov. 29,

21 2012) (citations omitted) (holding state law negligent misrepresentation and estoppel claims,

22 which depended on the defendant's failure to pay the benefit, were preempted by ERISA).

23        To the extent Luebe is admitting the plan didn't really provide for the higher level of

24 benefits he now seeks but UMR misled him into thinking it did, his claim requires the

25 existence of a plan and construction of the plan's terms in order to compare them with the

26 representation. As such, it is preempted. *See Peralta v. Hispanic Business, Inc.*, 419 F.3d

27 1064, 1069 (9th Cir. 2005) (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168 (9th

28 Cir. 2004)) (claims requiring construction of plan terms are preempted). *See also Cleghorn*

1  *v. Blue Shield of Calif.*, 408 F.3d 1222, 1225 (9th Cir. 2005) (holding that state causes of

2  action that would supplement remedies provided under ERISA are preempted).  Such a

3  claim also relies on an assumption that UMR was involved in the administration of the plan.

4  State-law claims of fraud and misrepresentation arising from the administration of ERISA

5  plans are also preempted. *See Zavala v. Trans-System, Inc.*, 258 Fed. Appx. 155, 157–58

6  (9th Cir. 2007) (citing cases).

7         The Ninth Circuit has recognized an equitable estoppel theory under ERISA. To bring

8  such a claim, Luebe must allege a material misrepresentation, reasonable and detrimental

9  reliance upon it, extraordinary circumstances, ambiguity in the plan terms (such that

10  reasonable persons could disagree as to their meaning or effect), and representations

11  involving an oral interpretation of the plan. *See Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d

12  1326, 1331 (9th Cir. 1996). He hasn't pleaded those elements, but it may be possible for him

13  to amend his complaint to do so.

14         Luebe argues that his claim, in part, relies on UMR's having deceived his health care

15  provider, ACSC, but he lacks standing to raise ACSC's rights, and he does not identify any

16  state cause of action arising from deception of a plaintiff's health care provider. It may be

17  that ACSC can bring a state-law claim, *see Marin Gen'l Hosp. v. Modesto & Empire Traction

18  Co.*, 581 F.3d 941 (9th Cir. 2009) (claim by hospital that insurer breached agreement with

19  hospital to pay 90% of insured's charges was not completely preempted by ERISA), but only

20  if it is acting in its own capacity rather than as Luebe's assignee. *See Cedars-Sinai*, 497 F.3d

21  972, 978 (9th Cir. 2007) (because hospital was suing as independent entity claiming

22  damages, rather than as assignee of purported ERISA beneficiary, claims were not

23  completely preempted).

24         **Failure to Plead Plan Terms**

25         Luebe is required to plead facts, and not merely "labels and conclusions" or "naked

26  assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (citation,

27  alterations and internal quotation marks omitted).

28  / / /

1   The FAC says Luebe doesn't have a copy of the plan, but says he will obtain a copy

2   of it during discovery and amend the complaint based on it. (FAC, ¶ 9.) The FAC alleges

3   nothing about what the plan's terms nor does it identify language in any other document that

4   would be binding on UMR. Rather, it alleges Luebe's understanding that the terms of the

5   plan provided that the procedure would be covered (*id.*, ¶ 11) and what other people said

6   was covered. (*Id.*, ¶¶ 12–13.) The FAC leaves open the question of whether the plan actually

7   provided for the benefits Luebe is now claiming. (*Id.*, ¶ 24 (alleging that, either UMR failed

8   to pay benefits owed under the plan, or misrepresented that benefits were available under

9   the plan when in fact they weren't).)  As noted above, the fact that someone told Luebe or

10   ACSC what the plan said isn't a basis for recovery, nor is Luebe's own belief. Luebe must

11   instead allege either what the plan (or another binding document) said, or must show by

12   additional factual allegations he was entitled to benefits under the plan that he didn't receive.

13   **Luebe's Ability to Plead Facts**

14   Luebe's opposition alludes to facts not alleged in the FAC. He attaches a proposed

15   second amended complaint, to show he is ready to amend. This doesn't salvage the FAC,

16   but it at least shows he has looked at the plan now.

17   **Conclusion and Order**

18   For the reasons set forth above, UMR's motion to dismiss is **GRANTED IN PART**. The

19   FAC is **DISMISSED WITHOUT PREJUDICE**, except that his preempted claims are

20   **DISMISSED WITH PREJUDICE**.  Luebe may file a second amended complaint remedying

21   the defects identified in this order, no later than **28 calendar days from the date this order**

22   **is issued**.

23

24   **IT IS SO ORDERED**.

25   DATED: March 20, 2013

26   *Larry A. Burns*

27   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

28